**THIS DECISION IS A
PRECEDENT OF
THE T.T.A.B.**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

DUNN

Mailed:  June 7, 2010

Opposition No. 91190886

O.C. Seacrets, Inc.

v.

Hotelplan Italia S.p.A.

Before Seeherman, Holtzman, and Cataldo, Administrative Trademark Judges.

By the Board:

This case comes up on opposer's motion, filed March 29, 2010, to amend the notice of opposition opposing an application based on Trademark Act Sec. 66(a) (a "Madrid" application).[1]  The motion has been fully briefed.

On July 1, 2009, opposer filed a notice of opposition through the USPTO ESTTA electronic filing system.[2]  The opposition consisted of an ESTTA form notice of opposition, and listed the grounds for opposition as false suggestion of a connection, priority and likelihood of confusion, and fraud.[3]

---

[1]     Trademark Act §66(a), 15 U.S.C. §1141(f), one of the provisions of the Madrid Protocol Implementation Act of 2002, Pub. L. 107-273, 116 Stat. 1758, 1913-1921 (codified as amended at Trademark Act §§60-74, 15 U.S.C. §§1141-1141n), provides a filing basis for an application seeking an extension of protection of an international registration to the United States.

[2]     Trademark Rule 2.101(b)(2) provides, "An opposition to an application based on section 66(a) of the Act must be filed through ESTTA."

[3]     On July 2, 2009, to fulfill the requirements of Trademark Act Sec. 68(c) and the Madrid Protocol, the Office notified the International Bureau of the

Attached to the form were opposer's specific allegations, set forth in numbered paragraphs. On March 9, 2010, applicant filed a motion for judgment on the pleadings regarding the fraud claim. On March 29, 2010, opposer filed a response, stating that it did not oppose entry of judgment on the fraud claim, together with a combined motion to amend the notice of opposition to assert a claim that applicant lacked a bona fide intent to use the mark on certain goods and services and for summary judgment on that claim. On April 2, 2010, the Board entered judgment in favor of applicant on the fraud claim, and notified the parties that applicant's time to respond to the motion for summary judgment would be addressed after the Board decided the motion to amend.

Motion to Amend

The Board liberally grants leave to amend pleadings at any stage of a proceeding when justice so requires, unless entry of the proposed amendment would violate settled law or be prejudicial to the rights of the adverse party or parties. *American Express Marketing & Development Corp. v. Gilad Development Corporation,* 94 USPQ2d 1294, 1297 (TTAB 2010). However, in the case of an opposition against a Madrid application, the Board must determine whether the proposed amendment of the notice of opposition violates Trademark Act

World Intellectual Property Organization of the institution of the opposition against the Madrid application, forwarding the information included in the application and the ESTTA opposition form. *In re Börlind Gesellschaft für kosmetische Erzeugnisse mbH*, 73 USPQ2d 2019, 2020 (TTAB 2005).

§68(c)(3). Section 68(c)(3) states that, following the filing of an opposition to a Madrid application, and the Director's notification to the International Bureau of "all grounds" for the refusal of an extension of protection based on the opposition, no further grounds for refusal may be transmitted:

> If a notification of refusal of a request for extension of protection is transmitted under paragraph (1) or (2), no grounds for refusal of such request other than those set forth in such notification may be transmitted to the International Bureau by the Director after the expiration of the time periods set forth in paragraph (1) or (2), as the case may be.

*See also* Trademark Act §13(a) ("An opposition may be amended under such conditions as may be prescribed by the Director."). Pursuant to its authority, the USPTO has promulgated Trademark Rule 2.107(b), which provides:

> Pleadings in an opposition proceeding against an application filed under section 66(a) of the Act may be amended in the same manner and to the same extent as in a civil action in a United States district court, except that, once filed, the opposition may not be amended to add to the grounds for opposition or to add to the goods or services subject to opposition.

We look, then, to whether the proposed amended notice of opposition adds to the grounds for opposition. With the exception of the ESTTA form which was part of the original notice of opposition,[4] and Paragraph 13 discussed below, the original

---

[4] As noted, opposer was required by rule to file the initial notice of opposition by ESTTA. When an opposer uses ESTTA to file a notice of opposition, ESTTA prompts the filer to list grounds for opposition. The ESTTA form stating the grounds, providing proof of service, and other information, is considered part of the ESTTA-filed notice of opposition. *PPG Industries Inc. v. Guardian Industries Corp.*, 73 USPQ2d 1926, 1928 (TTAB 2005). While opposer's use of ESTTA for filing an amended opposition was voluntary, using

3

and proposed amended notices of opposition are identical.  In the original notice of opposition, Paragraph No. 13 reads:

> Upon information and belief, Applicant lacks a bona fide intent to use SECRETS LINE in connection with every product and/or services listed in the classes being opposed in this opposition, namely, International Classes 16, 35, 39, 41, and 43, and therefore, has committed fraud on the U.S. Patent and Trademark Office.

In the proposed amended notice of opposition, Paragraph No. 13 reads:

> In violation of 15 U.S.C. 1141(f) Applicant lacked a bona fide intent to use SECRETS LINE in connection with the following goods and services at the time it filed its application for extension of protection, namely: [followed by a listing of certain goods and services in the opposed application].

The original notice of opposition sets forth the ground of fraud based on applicant's alleged lack of a bona fide intent to use its mark on all of the goods and services listed in its application.  The proposed amended notice of opposition sets forth the ground that applicant lacked a bona fide intent to use its mark on certain of the goods and services listed in its application at the time it filed its application.  The ground of fraud, upon which opposer consented to judgment, has been omitted from the amended notice of opposition.  Thus, the amended notice of opposition presents a different and additional ground from that in the original notice of opposition, i.e., that applicant lacked a bona fide intent to use the mark on certain of the goods

---

ESTTA for filing an amended notice of opposition does not prompt the filer to list grounds in an amended notice of opposition.

4

and services listed in the identification at the time the application was filed.

Opposer argues that the claim that applicant lacks a bona fide intent to use was an element of its original fraud claim, and that the proposed amendment is a permissible clarification of an existing ground. *See* Rules of Practice for Trademark-Related Filings Under the Madrid Protocol Implementation Act, 68 Fed. Reg. 55,748, 55,757 (Sept. 26, 2003) ("An opposer may make amendments to grounds asserted in the notice of opposition, for example, for clarification."). We are not persuaded by this argument. The initial pleading sets out quite clearly that fraud was alleged as the ground for opposition. The pleading of fraud sets out the basis for the fraud, i.e., that applicant falsely stated that it had a bona fide intent to use its mark on all of the goods and services listed in the application. However, we will not contort opposer's pleading to construe the allegations in Paragraph 13 as setting forth two separate grounds of both a claim of fraud and a claim that applicant lacked a bona fide intent to use the mark on all the listed goods and services at the time the application was filed. Under the pleading rules followed by the courts and the Board, claims must be separately stated. Fed. R. Civ. P. 10(b).

To the extent that opposer contends that the requirement about notification of grounds for Madrid applicants was satisfied because of the allegations in the original notice of opposition,

we find this argument unpersuasive. Although the particular basis for opposer's claim of fraud in this case was the allegation that applicant falsely stated it had a bona fide intent to use its mark on all of its identified goods and services, applicant was apprised of only one ground by Paragraph 13 of the original notice of opposition, that of fraud. Fraud was the ground that applicant defended against in its motion for judgment on the pleadings, and the ground upon which judgment for applicant was entered by the Board in its April 2, 2010 order. We will not parse an asserted ground to see if any of the elements that go to pleading that ground would independently state a separate ground.

As for opposer's contention that the amendment would not delay this proceeding inasmuch as all relevant information to support applicant's bona fide intent to use is within applicant's possession and control, the Trademark Act provisions implementing the Madrid Protocol and Trademark Rule 2.107(b) prevail, and considerations of proof or procedural efficiency are only relevant if the amendment is otherwise allowed under Trademark Act §68(c)(3) and Trademark Rule 2.107.

Accordingly, we find that the proposed amended notice of opposition, with its claim that applicant lacked a bona fide intent to use the mark on certain of the identified goods and services at the time the application was filed, impermissibly raises a new ground for opposition to a Madrid application, and

opposer's motion for leave to amend its notice of opposition to add that claim is denied.

In view of our decision on the motion to amend the pleading, opposer's motion for summary judgment on the claim that applicant lacked a bona fide intent to use the mark is moot. The Board will not enter judgment on an unpleaded claim. *American Express Marketing & Development Corp. v. Gilad Development Corporation, supra* at 1296.

Proceedings herein are resumed, and will go forward on the claims of false suggestion of a connection, and priority and likelihood of confusion, as set forth in the original notice of opposition. Dates are reset below:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures | **6/28/10** |
| Plaintiff's 30-day Trial Period Ends | **8/12/10** |
| Defendant's Pretrial Disclosures | **8/27/10** |
| Defendant's 30-day Trial Period Ends | **10/11/10** |
| Plaintiff's Rebuttal Disclosures | **10/26/10** |
| Plaintiff's 15-day Rebuttal Period Ends | **11/25/10** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

®®®®®